# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE GOMEZ,<br><br>                                         Plaintiff,<br>   vs.<br>MICHAEL J. ASTRUE, Comissioner of Social Security,<br><br>                                       Defendant. | CASE NO. 06cv2051 BTM(NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** |

Plaintiff has filed a motion for attorney's fees under the Equal Access to Justice Act. For the reasons discussed below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

In this action, Plaintiff sought judicial review of the Commissioner's denial of her application for Disability Insurance Benefits under Title II of the Social Security Act. In an order filed on September 10, 2007, the Court granted Plaintiff's motion for summary judgment. The Court found that (1) the ALJ failed to provide valid reasons for rejecting Plaintiff's treating physician's assessment of Plaintiff's functional limitations; and (2) the ALJ's reasons for discrediting Plaintiff's allegations of pain were legally insufficient. The Court remanded the case for a determination of the onset date of Plaintiff's disability and a

calculation of benefits.

## **II. DISCUSSION**

Under the Equal Access to Justice Act ("EAJA"), the prevailing party, other than the United States, is entitled to attorney's fees unless the government's position was substantially justified or special circumstances exist that render the award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that Plaintiff is the "prevailing party," nor does Defendant contend that the Government's position was substantially justified. Therefore, the Court finds that Plaintiff is entitled to EAJA fees.

The award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Hours that are excessive, redundant, or otherwise unnecessary should be excluded form an award of fees. Id. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).

Plaintiff seeks fees based on an hourly rate of $165. Defendant does not challenge the reasonableness of this hourly rate. The Court finds that the hourly rate is reasonable and fairly takes into account the relevant cost of living adjustment.[1]

Plaintiff's counsel billed 77.71 hours in connection with the litigation of this action and the preparation of the EAJA fee motion. Plaintiff's counsel also seeks an additional 2.5 hours for reviewing Defendant's opposition to the fee motion and 11.75 hours for researching, drafting, and editing the reply brief.

Upon review of the itemization of the billed hours, the papers filed in connection with

---

[1] The EAJA provides that attorneys fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. The hourly rate claimed by Plaintiff fairly reflects the cost of living adjustment for the time period in question.

the EAJA fee motion, and the record, the Court finds that certain of the hours billed by Plaintiff were excessive or improperly charged to the client. The specific reductions applied by the Court are detailed below.

1. <u>Clerical Work</u>

Defendant argues that Plaintiff is not entitled to 7.73 hours of clerical work relating to the filing of papers and the calendaring of dates. The Court agrees that the act of filing is secretarial and should not be compensated. However, it is proper for an attorney to ensure that papers have been properly filed – e.g., by reviewing the docket or the notice of electronic filing. Therefore the Court will allow .1 of an hour in connection with the filing of each of the Complaint, motion for summary judgment, reply, and EAJA motion papers (a total of .4 hours).

Calendaring that does not involve the calculation of dates is clerical. Therefore the Court will not allow recovery for "calendering." The Court will allow .1 of an hour for the review of each of the following documents: (1) the notice of appearance; (2) the original scheduling order; and (3) the amended scheduling order.

Defendant also challenges the time entries related to preparing, delivering and calendering the service of summons. With the exception of the time spent delivering the papers to the U.S. Marshals, these are billable tasks. On October 20, 2006, Plaintiff's counsel billed 2.75 hours for the preparation, review, and editing of the forms and round trip travel for the delivery of the forms. (On other dates, Plaintiff's counsel billed an additional .8 hours for the review of the forms, preparation of the forms, and review and calendering of the Return of Process.) It is unclear what portion of the 2.75 hours was spent delivering the papers. However, the Court estimates that a round trip from Plaintiff's counsel's office to the Court would be about one hour. Therefore the Court disallows one hour of time, but will allow 2.55 hours for the rest of the tasks relating to the service of Defendant.

2. <u>Excessive Hours</u>

Defendant challenges the time spent reviewing the Appeals Council Notice and the ALJ's decision denying benefits (1.5 hours) and the time spent preparing a letter to the client (.45 hours). The Court does not find this time to be excessive. Although the Appeals Council Notice was not long and Plaintiff's counsel had read the ALJ's decision before, it was not unreasonable for Plaintiff's counsel to spend more time analyzing the ALJ's decision to determine whether to seek judicial review. Furthermore, .45 hours is not an unreasonable amount of time to spend writing a letter to the client to advise her about the Appeals Council decision and her options regarding judicial review.

Defendant argues that Plaintiff's counsel spent an excessive amount of time reviewing the client's IFP documents (.5 hours) and preparing the Complaint (1.75 hours). The amount of time spent ensuring that the client filled out the IFP form correctly is reasonable. However, the Court agrees that the time spent preparing the Complaint is excessive. Although Plaintiff's counsel denies using "canned templates," the Complaint filed in this case is almost identical to the Complaint filed in <u>Rolison v. Barnhart</u>, 06cv1374 H(RBB). It appears that Plaintiff's counsel only needed to change the Plaintiff's name, the type of benefits sought, and the date of the decisions. If Plaintiff's counsel does not use a form Complaint (and just replicates the language and format from memory), she should consider doing so. The Court will allow .5 hours for the preparation of the Complaint.

Defendant argues that an excessive amount of time was spent reviewing case law and performing legal research (5 hours), and reviewing the administrative record and case file (7.75 hours). The legal issues presented in this action were not novel or complex (i.e., sufficiency of proffered reasons for rejecting a treating physician's opinion and Plaintiff's pain testimony and evaluation of Plaintiff's ability to perform the duties of her past work). Given Plaintiff's counsel's familiarity with this area of the law, two hours of legal research would have been sufficient to ensure that the proper cases were being cited and that there was no new law on point. As for time spent reviewing the record, the 208-page administrative record in this case is relatively small. Plaintiff's counsel already had some familiarity with these

records. Therefore, four hours would have been enough time to review the administrative record and the client's file.

Defendant also challenges the amount of time billed in connection with the review of Defendant's brief (3.75 hours) and the drafting and editing of the reply brief (13.5 hours). Defendant's brief contained only three pages of argument. Two hours would have been enough time to review and analyze this brief. As for time spent on the reply brief, most of Plaintiff's 8-page reply brief consisted of a general discussion of fibromyalgia as a medically determinable condition that does not produce objective, measurable clinical results. The reply brief was longer than it needed to be and was not particularly helpful. Therefore, the Court will allow recovery for only four of the hours spent preparing the reply.

Defendant takes issue with the number of hours Plaintiff's counsel billed in connection with preparing the EAJA fee motion. Plaintiff's counsel spent a total of 17.15 hours itemizing the hours, researching the EAJA, and drafting the motion and supporting papers. The Court agrees with Defendant that 17.15 hours is excessive. Plaintiff's counsel billed 3.25 hours for research regarding "EAJA, substantial justification and cases of first impression." However, this research was unnecessary. Based on the Court's order, it was apparent that the government probably would not argue substantial justification, and Plaintiff did not brief the issue beyond stating that the government's position was not substantially justified.

In addition, no more than three hours was required to draft the EAJA fee motion and supporting declaration, both of which were brief and straight-forward. The most time-consuming aspect of the preparation of the fee motion would have been going through the billing records and itemizing the hours. The Court does not agree with Defendant that itemizing a fee request is clerical in nature. Although the formatting and organization of the itemization is a secretarial task, it is the attorney's responsibility to determine which tasks are properly charged to the client and whether the descriptions and time entries are accurate. However, the Court finds that the 8.5 hours billed by Plaintiff's counsel for the itemization of the hours is excessive. If Plaintiff's counsel's billing records were kept in an orderly fashion, four hours should have been sufficient to itemize the hours. Accordingly, the Court limits

Plaintiff's recovery for the preparation of the EAJA fee motion and supporting papers to seven hours.

In Plaintiff's reply, Plaintiff requests an additional 2.5 hours for reviewing Defendant's opposition and 11.75 hours for drafting a reply.  The Court will allow 1.5 hours for reviewing and analyzing the opposition.  The Court limits recovery for preparation of the reply brief, which was unnecessarily long, to four hours.

Other than the hours specifically disallowed by the Court, the Court finds the hours billed by Plaintiff's counsel to be reasonable.  Taking into account the reductions detailed above, the Court allows the recovery of 49.33 hours at the rate of $165 per hour, for a total award of $8,139.45.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**.  The Court awards Plaintiff $8,139.45 in attorney's fees.

**IT IS SO ORDERED.**

DATED:  August 5, 2008

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge